**In re Petition for DISCIPLINARY ACTION AGAINST John D. ELLENBECKER, a Minnesota Attorney, Registration No. 13465X.**

No. A12–0333.

Supreme Court of Minnesota.

April 10, 2013.

ORDER

By order filed on December 17, 2012, we suspended respondent John D. Ellenbecker from the practice of law for a minimum of 90 days, effective 14 days from the date of the filing of the order. Respondent has filed an affidavit seeking reinstatement in which he stated that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent John D. Ellenbecker is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for two years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks from the date of filing of this order, respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Re-

spondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis; and

(f) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct, 1.15 and Appendix 1 thereto. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Minnesota IOLTA Program. Such books and records shall be made available to the Director within 30 days from the filing of the court's order and thereafter shall be made available to the Director and respondent's supervisor at such intervals as they deem necessary to determine compliance.

2. By December 17, 2013, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice